IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| Keith Olbermann; | ) | C/A No. 6:08-1452-MBS |
| | ) | |
| Happy Harry's, Inc.; | ) | C/A No. 6:08-1453-MBS |
| | ) | |
| Metromedia Restaurant Group, | ) | C/A No. 6:08-1454-MBS |
| Ponderosa, Bonanza, and Bennigan's; | ) | |
| | ) | |
| Terry Lee Flenory, and Demetrius Flenory; | ) | C/A No. 6:08-1455-MBS |
| | ) | |
| Brian Leetch, and Mike Richter; | ) | C/A No. 6:08-1456-MBS |
| | ) | |
| Sega Enterprises, Inc.; | ) | C/A No. 6:08-1457-MBS |
| | ) | |
| Bert Boeckmann, d/b/a Galpin Jaguar; | ) | C/A No. 6:08-1458-MBS |
| | ) | |
| Smashing Pumpkins, and Billy Corgan; | ) | C/A No. 6:08-1459-MBS |
| | ) | |
| Brian Bethune, d/b/a Global Insight Economist; | ) | C/A No. 6:08-1460-MBS |
| | ) | |
| Matthew Senreich, and Seth Green; | ) | C/A No. 6:08-1461-MBS |
| | ) | |
| Robert T. Kiyosaki, d/b/a Financial Iq.; | ) | C/A No. 6:08-1462-MBS |
| | ) | |
| Patrick Arnold, and Tammy Thomas; | ) | C/A No. 6:08-1463-MBS |
| | ) | |
| Pierre Bacheller, d/b/a Pete; | ) | C/A No. 6:08-1464-MBS |
| | ) | |
| Gillett Evernham Motorsports, and Kasey Kahne; | ) | C/A No. 6:08-1465-MBS |
| | ) | |
| Hans Blix, d/b/a Former U.N. Chief Weapons Inspector; | ) | C/A No. 6:08-1466-MBS |
| | ) | |
| Ron Darling, Buck Martinez, and Chip Caray; | ) | C/A No. 6:08-1467-MBS |
| | ) | |

| | | |
|---|---|---|
| Dan Fesperman, and Dana Stabenow; | ) | C/A No. 6:08-1468-MBS |
| Jonathan Rhys Meyers, d/b/a King Henry VII, and Natalie Dormer; | ) ) ) | C/A No. 6:08-1469-MBS |
| Derek Jeter, and Robinson Cano; | ) ) | C/A No. 6:08-1472-MBS |
| Jim Thome, and Paul Konerko; | ) ) | C/A No. 6:08-1474-MBS |
| Daisuke Matsuzaka, and Coco Crisp; | ) ) | C/A No. 6:08-1475-MBS |
| Steve Bartman, and William Sianis; | ) ) | C/A No. 6:08-1476-MBS |
| Elliott Sadler, and Dave Blaney; | ) ) | C/A No. 6:08-1477-MBS |
| Martin Truex, Jr., and Scott Riggs; | ) ) | C/A No. 6:08-1478-MBS |
| Willie Randolph, and Omar Minaya; | ) ) | C/A No. 6:08-1479-MBS |
| Clive Owen, and Julianne Moore; | ) ) | C/A No. 6:08-1480-MBS |
| Edward Norton, and Paul Giamatti; | ) ) | C/A No. 6:08-1481-MBS |
| Beef 'o' Brady's, and Dippin' Dots Franchising; | ) ) ) | C/A No. 6:08-1482-MBS |
| Clark Kellogg, and Gus Johnson; | ) ) | C/A No. 6:08-1483-MBS |
| Lindsay Davenport, and Maria Sharapova; | ) ) | C/A No. 6:08-1484-MBS |
| Zac Efron, and Vanessa Hudgens; | ) ) | C/A No. 6:08-1485-MBS |
| Hattie Morahan, d/b/a Sense and Sensibility, and Charity Wakefield; | ) ) ) | C/A No. 6:08-1486-MBS |
| John Krasinski, and Rainn Wilson; | ) ) | C/A No. 6:08-1487-MBS |
| Sam Altman, d/b/a Loopt, Inc.; | ) ) | C/A No. 6:08-1488-MBS |
| Xinhua News Agency; | ) ) | C/A No. 6:08-1489-MBS |
| Anibal Acevedo Vila, d/b/a Governor of Puerto Rico; | ) ) ) ) | C/A No. 6:08-1490-MBS |

2

| | |
|---|---|
| Barbara Walters, and Kyra Sedgwick; | C/A No. 6:08-1491-MBS |
| Drake Bell, d/b/a Rick Riker; | C/A No. 6:08-1492-MBS |
| Terry Barton, d/b/a U.S. Forest Service; | C/A No. 6:08-1493-MBS |
| Rosario Dawson, and Michael Kors; | C/A No. 6:08-1494-MBS |
| Seth Browarnik, and Tama Janowitz; | C/A No. 6:08-1495-MBS |
| H. Bradley Ress, and Ellen Talles; | C/A No. 6:08-1496-MBS |
| Wattles Capital Management, and Mark Wattles; | C/A No. 6:08-1498-MBS |
| Gridiron Club, and Carl Leubsdorf; | C/A No. 6:08-1499-MBS |
| Liberty Media Corp., and John Malone; | C/A No. 6:08-1500-MBS |
| Padma Lakshmi, and Susan Stipcianos; | C/A No. 6:08-1501-MBS |
| Claudia Friedman Zuniga, and Michelle Chala; | C/A No. 6:08-1502-MBS |
| Miami-Dade County Fair; | C/A No. 6:08-1503-MBS |
| Josef Vann, and Courtland Lantaff; | C/A No. 6:08-1504-MBS |
| Thomas J. Herzfeld, and Rutli Herzfeld; | C/A No. 6:08-1505-MBS |
| Hillerich & Bradsby Co.; | C/A No. 6:08-1506-MBS |
| Webpay, Inc., and Lendingtree, Inc.; | C/A No. 6:08-1507-MBS |
| HDTV, and TIVO; | C/A No. 6:08-1508-MBS |
| Willard Scott, and Rob Marciano; | C/A No. 6:08-1509-MBS |
| Defendants. | |

**O R D E R**

3

Plaintiff Jonathan Lee Riches is an inmate in custody of the Bureau of Prisons. Plaintiff currently is incarcerated at FCI-Williamsburg in Salters, South Carolina. Plaintiff, proceeding pro se, filed the captioned actions pursuant to 42 U.S.C. § 1983, seeking injunctive relief. The court previously has dismissed at least three cases deemed as "strikes" under 28 U.S.C. § 1915(g). Thus, Plaintiff cannot proceed with the instant complaints unless (1) his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule, or (2) he pays the full filing fee. See id.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge reviewed the complaints pursuant to the Prison Litigation Reform Act of 1996. On May 1, 2008, the Magistrate Judge issued a Report and Recommendation in which he found that, with each of the referenced cases, Plaintiff's allegations did not raise credible claims of "imminent danger" so as to invoke the exception to § 1915(g). Accordingly, the Magistrate Judge determined that Plaintiff is barred by the "three-strikes" rule from proceeding with the captioned cases unless he pays the filing fee of $350.00 for each case. Plaintiff was granted ten days, excluding holidays and weekends, plus three days for mailing, to pay the filing fees. The Magistrate Judge recommended that, should Plaintiff fail to pay the filing fee, the within actions be dismissed pursuant to the "three strikes" rule of § 1915(g). Plaintiff neither filed objections to the Report and Recommendation, nor paid the filing fees.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within actions are dismissed under the "three strikes" rule of § 1915(g).

As the Magistrate Judge further noted, Plaintiff has filed at least thirty-four cases that have been summarily dismissed by this court because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. At least eighty-two more cases have been dismissed for lack of prosecution or failure to comply with an order of the court. At least ninety-three additional cases, not including the within complaints, have been dismissed pursuant to the "three strikes" rule of § 1915(g). Plaintiff has repeatedly been warned that the court would impose additional restrictions on Plaintiff's ability to file complaints if he (1) continued to submit cases that he failed to pursue and prosecute; and/or (2) continued to file cases that were deemed frivolous or malicious, or that failed to state a claim upon which relief could be granted. Plaintiff has disregarded the court's admonitions and has continued to file numerous nonsensical complaints against a litany of defendants. Accordingly, as the court previously ordered on May 19, 2008, the Clerk of Court is directed to return unfiled any civil action submitted to this Court by the Plaintiff, unless the following requirements are met:

(1) Payment of the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing;

or

(2) Submission of a petition to the Clerk of Court seeking leave to file a new civil case. The petition must contain all of the following information:

    (a) The name of the defendant(s) that Plaintiff intends to sue pro se, without payment of the filing fee;

    (b) For each defendant named, that defendant's domicile;

    (c) For any defendant whose domicile is outside of this District, a statement explaining why this Court would enjoy personal jurisdiction over that defendant and why venue for Plaintiff's claim is proper in this Court;

    (d) A brief summary setting forth with specificity what each defendant has done to cause Plaintiff injury;

    (e) A statement setting forth the legal theory pursuant to which Plaintiff believes he is entitled to relief.

    (f) A statement (under penalty of perjury and subject to all sanctions available to the Court for untrue statements) that, to the best of Plaintiff's knowledge:

        (1) the information contained in the petition is true and correct;

        (2) the legal arguments are not frivolous or made in bad faith;

        (3) the proposed case does not involve any of the same factual or legal matters as were/are involved in any of Plaintiff's previously disposed/currently pending civil actions in this Court; and

   (4) that Plaintiff will comply with the local rules of this Court and with the Federal Rules of Civil Procedure.

(g) The petition for leave to file a new complaint must be signed by Plaintiff in Plaintiff's full legal name. The following statement must appear above Plaintiff's signature: "This document and all statements contained herein or attached hereto are submitted under penalty of perjury and subject to all available Court imposed sanctions for untruthfulness, frivolity, and/or vexatiousness."

(h) An official notary public seal and signature in proper legal form, attesting to the validity of Plaintiff's signature, must be affixed to the signature page of Plaintiff's petition.

(i) The following documents must be attached to the petition for leave to file a new civil action:

   (1) A complete signed original of the pleading that Plaintiff wishes to file as a new case pro se, and without payment of the filing fee;

   (2) A fully completed and signed Form AO-240 (Application to Proceed without Prepayment of Fees and Affidavit);

   (3) A fully completed Financial Certificate; and

   (4) Fully completed Court approved service of process forms (summons and Form USM-285) for each defendant or respondent named in the

pleading.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

May 30, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**